UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEO FINANCE, LLC,

     Plaintiff,         Case Number 13-14299
v.                Honorable David M. Lawson

UNIVERSITY SQUARE 2751, LLC,

     Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION OR CLARIFICATION

   This matter is before the Court on the motion by defendant University Square 2751, LLC for reconsideration of the Court's April 13, 2015 order granting in part the plaintiff's motion for summary judgment and awarding judgment as a matter of law as to liability only on the plaintiff's claims for conversion and unjust enrichment.  University Square contends that reconsideration is warranted because there is no evidence in the record showing that the plaintiff claimed ownership of or asserted its right to repossess the geothermal equipment, which the defendant rejected with its own assertion of ownership.  The defendant also asks that the Court "clarify" its opinion and order to state that, as to its conversion claim, the plaintiff is "only entitled to possession and not damages." The Court finds that University Square has not identified any palpable defect in the Court's prior opinion and order, and the request for "clarification" constitutes, in substance, a procedurally improper attempt by the defendant to litigate a second motion for summary judgment, after the Court already has resolved the parties' previously filed dispositive motions.  The Court therefore will deny the defendant's motion.

   Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that

correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

University Square's motion for reconsideration must be denied because the defendant has failed to identify any palpable defect in the Court's ruling or to identify any mistake of fact or law by which the Court and parties were misled. The defendant contends that the affidavit of David Lundstrom, on which the plaintiff relied in its briefing on the conversion claim, does not support the plaintiff's contention that it asserted an ownership interest in the equipment, which was repudiated by the defendant. That argument plainly is unsupported by and contrary to the record. Lundstrom's affidavit states:

> GEO Finance *advised University Square of GEO Finance's ownership interest* in the Geothermal Equipment and University Square's obligation to pay for the Geothermal Equipment based on monthly metered usage.
>
> GEO Finance sent University Square monthly invoices based on the metered water usage.
>
> University Square continues to use the Geothermal Equipment (as well as all associated intellectual property) to heat and cool the Property, and it has refused to pay GEO Finance for such use.
>
> University Square has paid nothing to GEO Finance for the use of the Geothermal Equipment since October 2012 when it acquired the Property.
>
> University Square has *even refused to permit meter readers access to the Property* for purposes of calculating monthly invoices based on water usage.
>
> GEO Finance has *repeatedly provided documentation of its ownership of the Geothermal Equipment to University Square and made repeated demands on University Square to remit payment for its use*, but University Square has ignored

-2-

those demands and refused to pay GEO Finance for usage of the Geothermal Equipment, all the while continuing to use the Geothermal Equipment to heat and cool its buildings.

Plf.'s Supp. Br. [dkt. #29], Ex. A, David Lundstrom aff. ¶¶ 11-16 (Pg ID 574-75) (emphasis added). The defendant also conceded in its previous briefing that "[t]he actual Leases were [] provided to Defendant [] after it purchased the Property." Def.'s Reply [dkt. #48] at 6. University Square has not pointed to any evidence in the record to rebut Lundstrom's testimony on this point. "[T]he party opposing [a motion for summary judgment] may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)).

The defendant never argued in its own motion for summary judgment or in any of its other papers that the plaintiff had not claimed ownership of or a right to possession of the geothermal equipment, and it first raised this argument at a status conference held by the Court on April 14, 2015, after the Court filed its opinion resolving the parties' motions for summary judgment. Instead, in its prior filings and at oral argument, the defendant relied solely on its position that "[b]ecause GEO's interest in the System was extinguished by the Foreclosure, the System cannot be 'another's personal property,'" and "[t]herefore, Plaintiff's conversion claim must fail regardless of how the System is classified." Def.'s Mot. for Summ J. [dkt. #40] at 22. Arguments "raised for the first time in a motion for reconsideration at the district court generally [are] forfeited." *United States v. Huntington Nat. Bank*, 574 F.3d 329, 331-32 (6th Cir. 2009). The defendant here seeks merely to reargue questions already considered and decided by the Court, based on a new legal theory that it

could have raised, but did not, in its previous motion and responsive briefing.  Moreover, its new position is wholly unsupported by and contrary to the unrebutted testimony in the record.

The defendant also contends that the plaintiff presented no evidence that "University Square [claimed] a superior interest in the [geothermal system]."  Def.'s Mot. [dkt. #52] at 12.  That argument is flatly contrary to the position that the defendant has steadfastly maintained from the outset of this case, that "University Square purchased the Property free and clear of any interest GEO had to the System," because JP Morgan Chase Bank, N.A., as the defendant's predecessor in interest, "had priority over Hardin in the System under MCL § 440.9322, [and] the Foreclosure on the Property discharged GEO's interest in the System."  Def.'s Mot. for Summ. J. [dkt. #40] at 20-21; Def.'s Affirmative Defenses ¶ 7 ("Any real property interest Plaintiff had in the [geothermal system] was terminated by the foreclosure, and as such *Plaintiff has no further interest in [the system] now owned by Defendant*.") (emphasis added).

The defendant's request for a "clarification" of the Court's opinion must be denied because it is in substance an attempt to litigate a second motion for summary judgment as to the extent of damages available to the plaintiff on its conversion claim.  The defendant could have raised that argument in its motion for summary judgment, but it did not.  The defendant chose instead solely to argue its defense of non-liability, and it therefore has forfeited the procedural right to pursue judgment as a matter of law before trial as to the extent of damages.  The case management and scheduling order entered in this matter on April 22, 2014 advised the parties that "[n]o party may file more than one motion for summary judgment without obtaining leave of Court."  Sched. Order [dkt. #18] at 2; E.D. Mich. LR 7.1(b)(2) ("A party must obtain leave of court to file more than one motion for summary judgment.  For example, a challenge to several counts of a complaint generally

must be in a single motion.").  The defendant has not sought leave to file a second dispositive motion, and its motion for reconsideration offers nothing in the way of facts or legal authority in support of the defendant's conclusory assertion that "GEO is not entitled to any monetary damages as to its Conversion claim and it is only entitled to possess and recover the equipment it is able to prove [its] ownership [of] at trial."

Moreover, the Court's order was perfectly clear as to the relief granted, where it stated that "the plaintiff is entitled to a judgment of liability on counts I and II of the complaint."  Op. & Order [dkt. #51] at 25.  The Court's prior opinion resolved the defendant's liability as to counts I and II of the complaint, and it expressly reserved the question of damages for determination at trial, because the Court found that the parties had not made any evidentiary presentation sufficient for the Court to decide the extent of damages as a matter of law.  The parties therefore may proceed with their proofs at trial, under the applicable law, to establish damages as to both counts for which the defendant has been held liable.

Accordingly, it is **ORDERED** that the defendant's motion for reconsideration or clarification [dkt. #52] is **DENIED**.

It is further **ORDERED** that the plaintiff's motion for leave to file a response to the defendant's motion [dkt. #54] is **DENIED** as moot.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  May 1, 2015

-5-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 1, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI